IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON

_____



FILED

Feb. 13, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

**SHERRY DENISE THEARP ERVIN,**

    Plaintiff-Appellant,

                                Hardeman Chancery No. 10386

Vs.                            C.A. No. 02A01-9605-CH-00097

**DALE EDWARD ERVIN,**

    Defendant-Appellee.

_____

FROM THE HARDEMAN COUNTY CHANCERY COURT
THE HONORABLE DEWEY C. WHITENTON, CHANCELLOR

Lloyd R. Tatum, Tatum and Tatum of Henderson
For Appellant

Charles M. Cary, Denton and Cary of Bolivar
For Appellee

***VACATED IN PART, AFFIRMED IN PART AND REMANDED***
Opinion filed:

                                          **W. FRANK CRAWFORD,**
                                          **PRESIDING JUDGE, W.S.**

**CONCUR:**

**DAVID R. FARMER, JUDGE**

**HOLLY KIRBY LILLARD, JUDGE**

This is an appeal from a Final Decree of Divorce entered January 5, 1996. Plaintiff,

Sherry Denise Thearp Ervin (Wife), appeals from the order of the trial court granting her an

absolute divorce from the defendant, Dale Edward Ervin (Husband). Wife appeals the trial court's decision concerning the division of the marital property, the amount of child support, and the denial of an award of attorneys' fees.

The parties were married on May 16, 1992. At the time of the trial, Wife was 37 years old, and Husband was 35 years old. The parties had two children during the course of the marriage: Clayton Palmer Ervin, born November 25, 1992; and Sherridan McKaela Ervin, born December 30, 1993.

Wife completed high school and attended one quarter of college. She is a district manager for IT'S Fashions, a subdivision of the Cato Corporation. She has been employed by Cato for 15 years, and Wife earns approximately $39,000.00 per year. Husband has a 11th grade education, and he works for T.R. Mills Contractors. At the time Wife filed her complaint, Husband was earning $685 per week; however, at the time of the trial, he was earning $560 per week.

The parties separated January 8, 1995. Wife filed her complaint for divorce on January 17, 1995 on the grounds of irreconcilable differences and inappropriate marital conduct. In his answer, Husband admitted that the parties had irreconcilable differences but denied that he was guilty of inappropriate marital conduct. He filed a counter-complaint for divorce against Wife alleging that she was guilty of inappropriate marital conduct. In Wife's answer to the counter-complaint, she denied that she was guilty of inappropriate marital conduct and raised the defense of recrimination. After a non-jury trial, the trial court awarded Wife an absolute divorce from Husband on the grounds of inappropriate marital conduct, granted permanent custody of the parties' minor children to Wife with reasonable and liberal visitation for Husband, ordered Husband to pay child support in the amount of $614 per month plus $91 per month for insurance, and divided the marital property. Wife has appealed and presents four issues for review.

Wife's first issue is whether the evidence preponderates against the trial court's award of one-half of the increase in value of Wife's 401k account and $6,152.16 of Wife's Employee Stock Ownership Plan (ESOP) to Husband.[1] Since this case was tried by the trial court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness

---

[1] In her first issue, Wife argues that the trial court should have awarded her the parties' ski boat. We will consider this assertion with the second issue.

of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. T.R.A.P. 13(d). Trial courts have broad discretion in dividing the marital estate upon divorce. *Kincaid v. Kincaid*, 912 S.W.2d 140, 142 (Tenn. App. 1995).

Wife owns a 401k pension plan through her employer, Cato. She started the account in 1990. At the time of the marriage, the account was worth $5,089.00. When the divorce complaint was filed, the account balance was $29,138.00, an increase in value during the marriage of approximately $24,048.00. The trial court divided the amount of the increase equally and awarded $12,024.15 to Husband.

Wife asserts that Husband did not make any substantial contribution to the appreciation of the 401k account, and, therefore, is not entitled to share in its appreciation. We disagree. Distribution of marital property is governed by T.C.A. § 36-4-121 (1991). T.C.A. § 36-4-121(b)(1)(B) provides:

> "Marital property" includes income from, and any increase in value during the marriage, of property determined to be separate property in accordance with subdivision (b)(2) if each party substantially contributed to its preservation and appreciation and the value of vested pension, retirement or other fringe benefit rights accrued during the period of the marriage.

The statute provides that pension benefits accrued during the marriage become marital property. The pension provision is not modified by the "substantial contribution" requirement preceding it. Therefore, pension benefits earned by a spouse during the marriage are marital property even though the other spouse did not contribute directly to their preservation or appreciation. *Batson v. Batson*, 769 S.W.2d 849, 857 (Tenn. App. 1988).

Wife argues that even if the 401k plan is marital property, an equitable division would not include an award to Husband. The evidence does not preponderate against the trial court's findings in this regard, and the trial court made a proper division.

Wife also owned an ESOP plan that was worth $22,543.00 at the time of the marriage, but had declined in value to $17,663.39 by the time of the divorce. The trial court awarded Husband $6,152.16 of Wife's ESOP plan. Wife argues that Husband was not entitled to this award because the ESOP plan went down in value. Although it is not entirely clear from the record, it appears that the plan is a stock purchase plan and the shares are purchased by payroll

deduction. Thus, the plan is nothing more than a monthly acquisition of property. "'Marital property' means all real and personal property, both tangible and intangible, acquired by either or both spouses during the course of the marriage up to the date of the final divorce hearing and owned by either or both spouses as of the date of filing of a complaint for divorce . . . ." T.C.A. § 36-4-121 (b)(1)(A).

The shares of stock actually acquired during the term of the marriage constitute marital property subject to division. The record does not reflect that the trial court made a determination of the number of shares acquired during the marriage nor the value thereof at the time of the trial. Accordingly, the award made by the trial court should be vacated and the case remanded for proceedings to determine a proper division of ESOP stock.

Wife's second issue is whether the trial court failed to equitably divide the marital property. The trial court held that the camcorder, the tanning bed, the Torino automobile, and the ski boat were marital property, and ordered that the "tangible personal property is jointly owned marital property and if the parties cannot agree on a division within thirty (30) days from the entry of the Final Decree of Divorce, this personal property will be sold by the Clerk and Master as Special Commissioner and the proceeds divided equally between the parties."

Wife asserts that the parties' ski boat was purchased solely by her before the marriage and should have been separate property awarded to her. However, the record shows that Husband signed the original purchase agreement for the boat and was a cosigner with Wife on the loan documents for the boat. Wife also admits that Husband gave her money calling it his "boat payment." The evidence does not preponderate against the trial court's findings concerning the ski boat.

Wife also claims that the trial court erred in ordering the sale of the camcorder, the tanning bed and the Torino automobile and awarding one-half of the proceeds to Husband because the property was solely acquired by her efforts. She claims that the trial court's order was inequitable, and that she should be awarded the property in accordance with T.C.A. § 36-4-121(c) (1991).

It is undisputed that this property was acquired during the course of the parties' marriage. Therefore, it is marital property. T.C.A. § 36-4-121 (b)(1)(A). It is irrelevant that the property was acquired mostly by wife's efforts because the statute provides that property acquired by

4

either spouse is marital property. Property acquired during the marriage does not have to be purchased by both parties for it to be marital property.

T.C.A. § 36-4-121(c) provides the factors that the trial court must consider in making an equitable division of the marital property. Wife claims that Husband did little or nothing to contribute to the acquisition or preservation of the property. The contribution to the acquisition or preservation of property is only one of the factors for the court to consider. There is no evidence in the record that the trial court unfairly applied the factors, nor that the award was inequitable. The trial court properly classified the property and was correct in ordering a sale of the marital property.

Wife's third issue is whether the trial court erred in reducing Husband's child support from $719 per month to $614 per month. The trial court entered a pendente lite order that established Husband's child support obligation at $719 per month. At the time the pendente lite order was entered, Husband was earning $685 per week. During the trial, Husband testified that his income had decreased to $560 per week. Therefore, in the Final Decree of Divorce, the trial court ordered Husband to pay $614 per month in child support.

Wife argues that the evidence in the record does not support the trial court's determination that Husband's earning capacity had diminished pending trial. She asserts on appeal that Husband is willfully and voluntarily underemployed, but she did not raise this argument at trial. A party is not entitled to relief on an issue that is raised for the first time on appeal. *Southland Express, Inc. v. Scrap Metal Buyers of Tampa*, 895 S.W.2d 335, 341 (Tenn. App. 1994).

Although the reason for the decrease is not entirely clear, it is undisputed in the record that Husband's gross income at the time of the trial was $560 per week. The record, however, does not indicate Husband's net income, but Wife has not raised an issue about the calculation of the amount of child support. The evidence does not preponderate against the trial court's determination that Husband's earning capacity had diminished pending trial, and the evidence does not preponderate against the trial court's finding regarding child support.

Wife's fourth issue is whether the trial court erred in failing to award her attorneys' fees. The trial court ordered that "each party will pay their own attorney." The award of attorneys' fees is within the sound discretion of the trial court, and unless the evidence preponderates

against the award, it will not be disturbed on appeal. *Kincaid v. Kincaid*, 912 S.W.2d 140, 144 (Tenn. App. 1995). Where the wife demonstrates that she is financially unable to afford counsel, and where the husband has the ability to pay, the court may properly order the husband to pay the wife's attorneys' fees. *Id*. In this case, Wife has not shown that she is financially unable to pay her attorney. The findings by the trial court are supported by the record.

The decree of the trial court dividing the ESOP is vacated. The case is remanded for reconsideration of this division consistent with this Opinion. The decree is in all other respects affirmed. Costs of this appeal are assessed one-half against appellant and one-half against appellee.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

_____
**DAVID R. FARMER, JUDGE**

_____
**HOLLY KIRBY LILLARD, JUDGE**